Diederich vs. Nachtsheim.

---

DIEDERICH VS. NACHTSHEIM.

JUSTICE COURTS: (1, 2) *Actions on judgments in.* PRACTICE: (3) *Taxation of costs, notice.*

1. Sec. 10, ch. 122, R. S., which declares that "no action on a judgment rendered by a justice of the peace shall be brought in the same county

within two years after its rendition," except in certain specified cases, forbids the bringing of such actions in justices' courts, as well as in any other.

2. Said section applies to a judgment for less than ten dollars damages, as well as to one for a greater sum, and a transcript of which can be filed in the office of the clerk of the circuit court.

3. Costs were taxed October 30, upon a notice served on the 28th of that month. *Held*, that the notice was sufficient. Tay. Stats., 1533, § 61, and 1656, § 35.

APPEAL from the County Court of *Milwaukee* County.

The facts appear in the opinion. Judgment for defendant; from which plaintiff appealed.

*E. Fox Cook*, for appellant, argued that at common law an action would lie on a judgment rendered by a justice of the peace, immediately upon its rendition. *Smith v. Mumford*, 9 Cow., 26; *Thomas v. Robinson*, 3 Wend., 267; *Andrews v. Montgomery*,19 Johns., 162. An action upon a judgment is the same as an action on any other money demand, using the judgment only as evidence of the amount due. 12 How. Pr. R., 540.

*Peter Yates*, for respondent. [No brief on file.]

COLE, J. This action was brought on the 24th of July, 1871, upon a judgment recovered before a justice of the peace on the 8th of June, 1871, for $8.50 damages, and $2.85 costs of suit. The justice before whom the suit was brought, found that the plaintiff had no cause of action against the defendant, and gave judgment accordingly. On appeal to the county court of Milwaukee county, this judgment was affirmed.

It appears to us that the decision of the county court was correct. By sec. 10, ch. 122, R. S., it is provided that no action shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, between the same parties, without leave of the court, for good cause shown, on notice to the adverse party; and no action on a judgment rendered by a justice of the peace shall be brought in the same county within two years after its rendition, except

in cases of his death, resignation, incapacity to act or removal from the county, or that the process was not personally served on the defendant, or in case of the death of some of the parties, or when the docket or record of such judgment is or shall have been lost or destroyed. It is not claimed that the action upon the judgment could be maintained because falling within some one of the exceptions mentioned in the section, but it is argued that the prohibition does not apply for the reason that this suit is brought in a justice's court.

We are unable to give the statute any such construction. The language used is general and explicit, applying as well to actions brought in justices' courts as to those commenced in courts of record. The object of the statute manifestly was, to prohibit suing over judgments rendered by a justice, for the purpose of accumulating costs or harrassing the defendant by multiplied litigation. Indeed, the practice resorted to here affords as good an illustration of the evil which the statute was intended to prevent, as any case which could be suggested. The judgment sued upon was obtained less than two months before an action was brought upon it. In the absence of this provision, these suits might be continued indefinitely, to the great oppression of the defendant, and with no other result than to increase costs. Consequently the legislature has seen fit to prohibit the bringing of an action on a judgment rendered by a justice in the same county within two years after its rendition, except in certain specified cases. And, as already observed, there is no pretense that this case comes within any of the exceptions.

It is also insisted that the section was not intended to apply to a judgment where the damages were less than ten dollars, and where a transcript thereof could not be filed. But we can see no ground for making any such distinction. The words are, " *no action on a judgment rendered by a justice,*" etc., and they include all judgments.

It is further objected that the costs were irregularly taxed upon

the notice given, and that the county court erred in not setting aside the taxation of the clerk upon that ground. The costs were taxed on the 30th of October, upon a notice dated and served on the 28th of that month. This was a sufficient notice of taxation. See § 61, p. 1533, and § 35, p. 1656, Tay. Stats.

*By the Court.* — The judgment of the county court is affirmed.